699 P.2d 1358

**MINIDOKA MEMORIAL HOSPITAL,**
**Petitioner-Respondent,**

v.

**IDAHO DEPARTMENT OF HEALTH**
**AND WELFARE,**
**Respondent-Appellant.**

**No. 15575.**

Supreme Court of Idaho.

April 10, 1985.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael R. DeAngelo, Dep. Atty. Gen., Boise, for respondent-appellant.

Larry Duff, of Goodman & Duff, Rupert, for petitioner-respondent.

PER CURIAM:

The Department of Health & Welfare administers a federally funded "Medicaid" program to reimburse nursing homes for the costs of care to qualifying patients. The nursing homes were reimbursed for care provided to Medicaid patients by an amount equal to the lesser of reasonable costs of services or the "customary charge" for the services as required by federal and state regulation. The "customary charges" must be established by the amount charged to private patients of the general public for similar services.

Idaho counties subsidize the costs of care to private patients in county-operated nursing homes. The department and the county nursing homes were in agreement that both the amount subsidized (paid by the county) and the amount actually paid by the private patients be included in the "customary charge." The amount of the county subsidy was not known until the end of the fiscal year. Therefore, in order to establish the charge to the private patient, the pro rata subsidy amount for each patient was posted to and credited off the individual patient's account at the year's end. This method was termed the "gross up" or "bulk up" method of accounting and was used by all the county nursing homes up until 1978 with no disallowances by the department. The department was concerned that the federal regulatory agency might view that the subsidy was not a "customary charge" and make a disallowance on the basis that it was inconsistent with the regulation. As a result of this concern, a pilot program at Caribou County Nursing Home devised the so-called "Caribou method" of accounting whereby an estimated subsidy amount was posted to and credited off each patient's ledger on a monthly basis. A department auditor claimed to have orally advised a Minidoka Memorial administrator to use the Caribou method in June of 1977. Minidoka Memorial claimed that it had not been advised that the use of the "gross up" method would result in disallowances. It is uncontested that no official written notice from the department was given to the county nursing homes of this requirement. Minidoka Memorial did not make the adjustments consistent with the Caribou method in 1978 because of the alleged inadequate notice and its concern that there was no federal approval. On April 15, 1980, the federal regulatory agency, without reference to any particular accounting method, finally approved the county subsidy as a customary charge.

Minidoka Memorial contested the 1978 disallowance by the department of the county subsidy portion of the nursing home's proposed customary charges. Minidoka argued that the department could not enforce the policy without officially promulgating a rule under the Administrative Procedures Act. A department hearing officer held that the department was merely interpreting the lower of cost or customary charge rule then in effect, and therefore no new rule was needed. On appeal to the district court it was held that the policy cannot be enforced without a rule properly being adopted under the Administrative Procedures Act.

After reviewing the entire record and considering the arguments of the parties, we affirm the judgment of the district court for the reasons set out in the memorandum opinion and order of the district court.

Affirmed. Costs to respondent. No attorney fees.