739 P.2d 393

**BINGHAM MEMORIAL HOSPITAL, Petitioner-Appellant,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Respondent.**

**No. 16597.**

Supreme Court of Idaho.

June 19, 1987.

Goodman & Duff, Alan C. Goodman (argued), Rupert, for petitioner-appellant.

Jim Jones, Atty. Gen., Elaine F. Eberharter, Deputy Atty. Gen., (argued), Boise, for respondent.

SHEPARD, Chief Justice.

This is an appeal from a decision of the district court which affirmed an order of the Idaho Department of Health and Welfare denying reimbursement for certain hospital charges. We affirm.

Upon an audit of the Hospital's charges for the year ending June 30, 1980, the Department of Health and Welfare disallowed certain charges. There is no dispute as to the facts. By regulation the Department was obligated to pay only the lowest of three alternative rates: (1) reasonable costs allocated to Medicare patients ($56.82 per patient day); (2) Medicare charges for similar services ($45.55 per patient day); and (3) the customary charges to private patients ($41.90 per patient day). The third private patient rate was calculated without the inclusion of a $10 per patient day subsidy paid by the county, but in a separate case, *Bingham Memorial Hospital v. Idaho Department of Health and Welfare,* 108 Idaho 346, 699 P.2d 1360 (1985), we held that the $10 county subsidy must be included as a part of the customary charges to private patients. Hence, in the audit at issue here the customary charges to private patients became $51.90 per patient day. Thus, the Medicare charges for similar services ($45.55 per patient day) became the lowest of the three rates. Upon appeal to the district court, the decision of the Department of Health and Welfare was affirmed. From that decision of the district court the Hospital appeals, asserting that the Medicare charges for similar services were improperly calculated by the Department of Health and Welfare, and that the regulations under which the calculations were made are unconstitutionally void for vagueness and allow the Department of Health and Welfare unbridled discretion.

Medicare charges for similar services are determined in accordance with the Medicare program, which consists of two basic components. Medicare Part A is a federally funded subsidy covering essentially inpatient health services consisting of two components: (1) routine charges of hospital room, board, and basic nursing care costs; (2) ancillary services consisting of various common diagnostic tests, laboratory work, various therapy services, radiology services, and other similar services. Medicare Part B provides reimbursement for the same ancillary services as does Part A, but on an out-patient basis. We note that Medicare and Medicaid are separate programs, with Medicaid providing coverage for eligible patients when Medicare is not available.

In the instant circumstances, the Department of Health and Welfare in its audit, utilized only the Part A charges to determine the reimbursement, and no Part B charges were included. The Hospital asserts that the Department of Health and Welfare should have included the Part B charges in its rate determination, and that the regulations are so vague that it cannot be determined that the reimbursement rate is limited to Medicare Part A charges.

The meticulous and well-reasoned decision of the district court requires only that we paraphrase and somewhat condense it.

In *Wyckoff v. Board of County Commissioners of Ada County,* 101 Idaho 12, 15, 607 P.2d 1066, 1069 (1980), the Court stated:

[A] statute is unconstitutionally vague when its language does not convey sufficient definite warnings as to the prescribed conduct and its language is such that men of common intelligence must necessarily guess at its meaning.

*See also Keyishian v. Board of Regents,* 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). Statutes must be construed wherever possible to achieve a constitutional result, and their constitutionality must be upheld wherever reasonable and practical to do so. *Matter of 1979 Valuation of Parcel No. R2348750330,* 104 Idaho 681, 662 P.2d 1125 (1983); *State ex rel. Kidwell v. U.S. Marketing, Inc.,* 102 Idaho 451, 631 P.2d 622 (1981). The principles of statutory construction also apply to rules and regulations promulgated by administrative agencies. *Higginson v. Westergard,* 100 Idaho 687, 604 P.2d 51 (1979).

■ The regulations at issue herein are contained in the Idaho Provider Reimbursement Manual, and are not a model of clarity or good draftsmanship. As an example, the Hospital focuses on a misprint in regulation VD1 which states as follows:

> In addition to 45 CFR Section 250.30, the Title XIX Medicaid Assistance Manual (MSA PRG 1) Part 6–170–20B states that on cost related basis of reimbursement ... *"the limit on payments for extended care facilities ... under Title XVIII shall not exceed."* These limits are determined on an individual facility basis for comparable service. (Emphasis added.)

Clearly, the above-emphasized language is nonsensical and is obviously a misprint. However, the obvious nature of the misprint would alert a person of common intelligence to consult the Medicaid assistance manual Part 6–170–20B to discover the correct language which was misprinted in VD1. The Hospital further asserts that even ignoring the misprint, it could not ascertain that only Medicare Part A should be considered in formulating the reimbursement rate. However, regulation VD1 of the Provider Reimbursement Manual as quoted above, makes reference to 45 CFR 250.30 (since recodified as 42 CFR 450.30), which provides:

> Schedules of payments established retrospectively by the State agency, or established prospectively with the retroactive adjustment, shall not exceed an upper limit determined in accordance with the principles of reimbursement for provider

costs under Part A of title XVIII of the Act.

That language clearly provides that the Medicare reimbursement rate is limited to Part A thereof.

We further note that additional clarity of regulation VD1 can be obtained by reviewing pertinent state regulations VA and VB. We therefore hold that the regulations in question here are not void for vagueness.

■ We turn to the Hospital's assertion that the Department of Health and Welfare improperly calculated the Medicare reimbursement rate. As noted herein, Medicare Part A covers both routine and ancillary in-patient charges. However, regulation VD5 and portions of VD4 expressly exclude ancillary services from the calculation of Medicare Part A. The testimony which supports the ruling of the district court indicated that the regulations excluding the ancillary charges were based on the difference between Medicare and Medicaid as to the definition of ancillary. The testimony further indicated that such ancillary charges were billed separately by the provider and paid by Medicaid, and we agree with the decision of the Department of Health and Welfare hearing officer, which was affirmed by the district court, that to allow the inclusion of those ancillary charges would impermissibly inflate the reimbursement rate by permitting the Hospital a double recovery.

The district court correctly concluded that the correct Medicare reimbursement rate to the Hospital was $45.55 per patient day for the audit year ending June 30, 1980. The burden is on the provider to prove its entitlement to welfare monies, *Mississippi Hospital Association, Inc. v. Heckler,* 701 F.2d 511 (5th Cir.1983); *Illinois Physicians Union v. Miller,* 675 F.2d 151 (7th Cir.1982), and since the Hospital has not met that burden of proof, the district court concluded that the decision of the Department of Health and Welfare was not clearly erroneous, arbitrary or capricious, nor was there evidence that the decision resulted from an abuse of discretion or any error of law.

The findings of fact and conclusions of law of the Department, and affirmed by the district court, are supported by substantial competent evidence, and therefore the decision of the district court will not be disturbed on appeal. *Pichon v. L.J. Broekemeier, Inc.*, 108 Idaho 846, 702 P.2d 884 (Ct.App.1985); *Morris v. Frandsen*, 101 Idaho 778, 621 P.2d 394 (1980), *reh. denied* Jan. 23, 1981; I.R.C.P. 52(a).

The decision of the district court is affirmed; no costs on appeal.

DONALDSON, BAKES, BISTLINE and HUNTLEY, JJ., concur.