757 P.2d 712

**Frank POSEY, Petitioner–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF HEALTH AND WELFARE, Respondent.**

No. 17131.

Court of Appeals of Idaho.

June 29, 1988.

Michael F. McCarthy of Idaho Legal Aid Services, Inc., Twin Falls, for petitioner-appellant.

Jim Jones, Atty. Gen., James Thomas Baird, Deputy Atty. Gen., Twin Falls, for respondent.

SWANSTROM, Judge.

Frank Posey and his family were the recipients of public assistance including Aid to Families with Dependent Children (AFDC), Medical Assistance, and Food Stamps. Posey, a dairyman and row crop farmer in Jerome County, first received these benefits after filing for adjustment of debts under Chapter 13 of the Bankruptcy Code, in 1983.

The benefits were terminated following a semi-annual review of Posey's eligibility status in July, 1986. During the review of Posey's case, the eligibility examiner questioned "business deductions" claimed by Posey for payments made to the trustee under his Chapter 13 plan. The payments were determined by the examiner to be invalid as deductions from self-employment income under Department of Health and Welfare regulations. When the deductions were disallowed Posey's income exceeded eligibility requirements.

Posey requested and received an administrative hearing. The hearing officer upheld the examiner's decision to disallow the deductions. An appeal was taken to the district court which affirmed the hearing officer's decision. Posey appeals this order of the district court. We affirm.

On appeal Posey argues that the payments made under his Chapter 13 plan are qualified deductions from his income for purposes of determining financial eligibility for public assistance. Posey presents this issue in two parts: first, whether the language in the applicable Department regulations specifically limits the allowable deductions and second, whether payments made under a bankruptcy plan are identifiable costs of business for purposes of the Department regulations.

Under the Social Security Act, 42 U.S.C. § 602, and under I.C. § 56–209, public assistance is available through several pro-

grams including those under which Posey first qualified in 1983. Eligibility for the programs is determined on the basis of financial need. The criteria for determining the financial need of an applicant are to be established by the Department of Health and Welfare through its regulations. *See* I.C. §§ 56–205, 56–210; *Hayman v. State*, 100 Idaho 710, 604 P.2d 724 (1979).

These criteria, based upon income levels for the applicants, contain distinctions based on how the income is earned. Posey was a self-employed farmer. The applicable regulations for the benefits received by Posey provide for income from self-employment to be averaged for a twelve-month period to determine the monthly income level which establishes eligibility for aid. 16 IDAPA 3–1328.05(d); 16 IDAPA 3–4330.01–.04.

For AFDC and Medicaid benefits, income for a self employed applicant under 16 IDAPA 3–1328.05(b) is treated as follows:

(b) In determining the amount to be considered available to the A/R [applicant/recipient], allowable costs attributable to conducting the business must be deducted from the gross income. Allowable costs are those costs which are identified with doing business and which are not specifically prohibited in Manual Section 3–1328.05(c). These costs include the cost of:

(1) Labor; and

(2) Stock; and

(3) Raw materials; and

(4) Seed and fertilizer; and

(5) Interest paid to purchase income-producing property; and

(6) Insurance premiums; and

(7) Taxes paid on income-producing property; and

(8) Rental of business property; and

(9) Business transportation.

For Food Stamps 16 IDAPA 3–4330.06(a) provides:

(a) Determine yearly net income from self-employment by deducting identifiable costs of doing business, such as the cost of labor, stock, raw materials, seed and fertilizer, interest paid to purchase income-producing property or goods, insurance premiums, and taxes paid on income-producing property from gross annual income.[1]

▮ Posey first argues that the language of these regulations does not limit the allowable deductions to those items listed. He contends that the terms "include" and "such as" are not restrictive terms which exclude other appropriate costs from also being deductible.

We agree. We note that the principles of statutory construction apply to rules and regulations promulgated by administrative agencies. *Bingham Memorial Hospital v. Idaho Dept. of Health and Welfare*, 112 Idaho 1094, 739 P.2d 393 (1987). The regulation's use of the term "include" when listing deductible costs does not limit the allowable costs to those only on the list. Idaho courts have interpreted the use of the term "include" to not be a limiting or restrictive term. *Rohnert v. Amalgamated Sugar Co.*, 95 Idaho 763, 519 P.2d 432 (1974). This interpretation is equally appropriate to the use of the term "such as" as found in the Food Stamp regulation.

▮ Posey next argues that the Chapter 13 payments are "allowable costs" under the regulations. As stated in the regulations, deductions are allowed for costs identifiable with or attributable to conducting business. Posey argues that the Chapter 13 payments fall clearly within this category because they are payments made on business debts and represent current business expenses. The payments, he contends, create the direct business benefit of allowing continued farm operations. Posey also reasons that the payments constitute expenses which reduce the amount of money available for the business and house-

---

1. Each of these regulations also provides for specific costs which are not allowable as deductions. These include such items as (1) payments on the principal of real estate mortgages on income-producing property; (2) monies paid to purchase capital assets, equipment, machinery, and other durable goods; (3) federal, state, and local income taxes; (4) monies set aside for retirement purposes and other work-related expenses; and (5) depreciation.

hold. He argues that the Department's failure to acknowledge the expense merely creates a fiction of a higher household income ignoring the actual economic hardship suffered by the household.

We recognize that Posey's payments are expenses which he must pay out of his current income. We cannot, however, accept Posey's argument that the payments constitute an allowable cost under the regulations. The regulations do not provide for *all* business expenses incurred to be deductible as costs of doing business. Rather, the regulations allow deductions only of costs attributable to the present conduct of business and current production of income. It might be debated whether this narrow focus of deductibility is wise as a matter of public policy. But that is not a question we are asked, or empowered, to decide. .

Posey has not established how the Chapter 13 payments relate to his current income production. The payments do not go toward any items involved in the current operations of his business; they are in fact an effort to discharge past debts incurred prior to his qualification for public assistance. Additionally, Posey has made no showing that the Chapter 13 payments are for debts originally incurred as business costs. Although Posey has generally alleged that the debts which caused him to seek Chapter 13 relief were business expenses, the record contains no evidence of their origin. It is clear from the regulations that costs must be directly related to conducting business. This has not been established by Posey.

The decision of the district court, upholding the termination of benefits, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.