859 P.2d 1387

**STATE of Idaho, Plaintiff–Appellant–
Cross Respondent,**

v.

**Eugene Leroy BARNES, Defendant–
Respondent–Cross Appellant.**

No. 19498.

Supreme Court of Idaho,
North Idaho Term, May 1993.

Sept. 27, 1993.

Larry EchoHawk, Atty. Gen., and Michael Kane, Deputy Atty. Gen., argued, for appellant.

Gregory Jones, Kootenai County Public Defender and Jonathan Hull, Deputy Public Defender, argued, Coeur d'Alene, for respondent.

BISTLINE, Justice.

**I.**

The evidence presented at the preliminary hearing showed that in 1983, a new Chevrolet pick-up was stolen from Appleway Chevrolet Inc., a Spokane, Washington, car dealership. In 1990, Barnes was found in possession of the pick-up truck. Barnes may have been in possession of the truck since 1983. In 1987, Barnes told his sister that the truck was "hot."

In 1991, Barnes was charged with grand theft by possession of stolen property, a violation of I.C. § 18–2403(4). Barnes moved to dismiss the information arguing that: (1) the I.C. § 19–402(1) statute of limitations had expired, and (2) there was insufficient evidence to bind him over for trial. The district court denied the motion to dismiss on the first ground but granted the motion on the second ground.

The district court found that the statute of limitations had not expired because the offense charged was a "continuing offense." The court viewed I.C. § 19–402(1) statute of limitations as not beginning to run until 1990, when the truck was seized, thus ending Barnes's continuing possession of it.

As for Barnes's second argument, the district court noted that one of the essential elements of the crime of theft is that some person other than the defendant be the owner of the alleged stolen item. I.C. § 18–2403. Idaho Code § 18–2402(6) defines the term "owner" to mean "any person who has a right to possession [of the piece of property] superior to that of the taker, obtainer or withholder." The district court concluded that the State had not shown there was an "owner" of the truck

at the preliminary hearing because Appleway Motors had lost its right to possession by failing to initiate a cause of action against Barnes within the I.C. § 5–218(3) three year statute of limitations. In so ruling, the district court noted there was no "discovery rule" exception to I.C. § 5–218(3), so the fact that Appleway did not discover Barnes was in possession of the truck did not extend the statute of limitations. Accordingly, the district court dismissed the information because the State had failed to establish probable cause at the preliminary hearing.

The State appealed from that order. Barnes has cross-appealed from the ruling that the I.C. § 19–402(1) statute of limitation had not expired. We affirm the district court for the reasons expressed below.

## II.

The applicable statute of limitation in this case is I.C. § 19–402(1), as amended in the 1990 Sess.Laws, ch. 210, § 3, p. 467. That statute read:

> (1) A prosecution for any felony other than murder or any felony committed upon a minor child must be commenced by the filing of the complaint or the finding of the indictment within three (3) years after its commission.[1]

The trial court held that statutory three year period did not begin to run until Barnes was arrested because theft by possession was a "continuing offense." In accordance with that ruling, the court further held that the statute of limitations did not begin to run until Barnes was arrested in 1990, and the 1991 information was filed within the three year period.

■ Whatever merits such a continuing offense rule might have, we must re-

ject the district court's analysis simply because the legislature did not create such a rule in enacting and amending the statute. It is well-established that the clearly expressed intent of the legislature must be given effect, thus leaving no occasion for construction where the language of a statute is plain and unambiguous. *Sherwood v. Carter,* 119 Idaho 246, 254, 805 P.2d 452, 460 (1991). The plain language of I.C. § 19–402(1) states that the statute of limitations begins to run when the crime is committed. No other construction is possible. Pursuant to I.C. § 19–2403(4)[2], the theft was committed at the time Barnes came into possession of the truck with knowledge that the truck was stolen and with the intent to deprive the owner thereof. This occurred no later than 1987, at which time Barnes admitted to his sister the truck was stolen. Thus, four years had passed by the time the information against Barnes was filed in 1991.

■ We further note that another rule of statutory interpretation supports our conclusion. The rule of lenity states that criminal statutes must be strictly construed in favor of defendants. *State v. Sivak,* 119 Idaho 320, 325, 806 P.2d 413, 418 (1990). The district court's expansive reading of the statute also contravenes this rule.

While we acknowledge merit in the State's argument that Barnes should not evade prosecution because of his good fortune in not being apprehended for four years, we also recognize it would be an absurdity to permit the prosecution of Barnes at this late date when he would be immune from prosecution had he simply stolen the truck and immediately sold it. In any case, such policy arguments should be made to the legislature which has the

---

1. Idaho Code § 19–402(1) was amended in 1992 and *now* provides that a prosecution for theft must be commenced within five years after its commission. As Barnes was charged in 1991, the three year statute of limitation applies, not the five year period embodied in the 1992 amendments.

2. Idaho Code 18–2403(4) provides that "[a] person commits theft when he knowingly receives,

retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(a) Intends to deprive the owner permanently of the use or benefit of the property. . . ."

power to change the statute, and not to this Court.

### III.

Our resolution of the statute of limitation issue relieves us of any need to determine whether the district court was correct in its holding that the expiration of the I.C. § 5–218 three year statute of limitations for actions means that Appleway Chevrolet no longer has a right to the possession of the pick-up truck superior to that of Barnes under the stated purposes of the theft statute. The district court's order dismissing the cause is affirmed on the stated alternative grounds.

JOHNSON, TROUT and SILAK, JJ., concur.

McDEVITT, C.J., concurs in the result.