50 P.3d 439

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Frank MAIDWELL, Defendant–
Respondent.**

**No. 27824.**

Supreme Court of Idaho,
Boise, January 2002 Term.

May 31, 2002.

Rehearing Denied July 19, 2002.

Hon. Alan G. Lance, Attorney General, Boise, for appellant. Lori A. Fleming, Deputy Attorney General, argued.

Wiebe & Fouser, Canyon County Public Defender, Caldwell, for respondent. Alexander B. Briggs, Deputy Public Defender, argued.

EISMANN, Justice.

This is an appeal challenging the dismissal of a misdemeanor charge of unlawful possession of wildlife on the ground that the statute of limitations had run. We reverse and remand this case for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

In 1996, the defendant Frank Maidwell obtained a permit to hunt for antlerless elk, which is defined as either a cow elk or a bull elk with antlers less than six inches in length. On November 3, 1996, an officer from the Idaho Department of Fish and Game contacted Maidwell after receiving information that Maidwell had killed a fully-antlered bull elk. Maidwell told the officer that he had killed an elk on October 26, 1996, but had discarded the antlers. Maidwell showed the officer some of the meat in Maidwell's freezer. According to the officer, an elk with antlers less than six inches in length would be a calf about six months of age. The meat he observed in Maidwell's freezer appeared to come from a much larger elk. On November 4, 1996, the officer and Maidwell visited a meat packing plant, where the officer examined the legs of the elk killed by Maidwell. The officer seized bones from the leg of the elk and sent them to the United States Fish and Wildlife Forensics Lab for testing. Approximately six months later, on May 3, 1997, the Department received back a lab report stating that the bones belonged to a bull elk that was between two and four years of age.

In January 1998, the officer received information that Maidwell was still in possession of the antlers from the bull elk shot in October 1996. On January 23, 1998, pursuant to a search warrant, the officer searched Maidwell's garage and discovered a rack of elk antlers consisting of six points on one side and seven on the other. The officer seized the antlers.

On December 17, 1998, the State charged Maidwell with the misdemeanor offense of unlawful possession of parts of wildlife in violation of Idaho Code § 36–502. He was summonsed into court, and initially represented himself. The case was set for a pretrial conference and a jury trial, but the trial was vacated when Maidwell failed to appear at the pretrial conference. He apparently failed to appear because of a medical condition. After the hearings on several pretrial motions, Maidwell requested and was appointed counsel.

On June 9, 1999, Maidwell moved to dismiss the charge against him on the ground that prosecution for that charge was barred by the two-year statute of limitations provided in Idaho Code § 36–1406. That motion was heard on August 5, 1999. The magistrate judge found that Maidwell illegally took a bull elk on October 26, 1996, that within the following two years the State obtained sufficient information to charge Maidwell, and that the statute of limitations ran on October 26, 1998, without any charges being filed. Based upon this Court's decision in *State v. Barnes*, 124 Idaho 379, 859 P.2d 1387 (1993), the magistrate therefore dismissed the complaint. The State timely appealed the dismissal to the district court, which affirmed. The State again appealed, and the Court of Appeals initially heard the appeal. After concluding that this case could not be distinguished from *State v. Barnes*, the Court of Appeals also affirmed the dismissal. We then granted the State's petition for review. In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decisions of the trial court. *Humberger v. Humberger*, 134 Idaho 39, 995 P.2d 809 (2000).

## II. ANALYSIS

In 1990, the defendant in *State v. Barnes*, 124 Idaho 379, 859 P.2d 1387 (1993), was found in possession of a pickup truck that had been stolen in 1983. He may have been in possession of it since then, and in 1987 he had admitted to his sister that the pickup was "hot." In 1991 the State charged the defendant with grand theft by possession of stolen property.

The defendant moved to dismiss the charge on the grounds that it was barred by the three-year statute of limitations for felony offenses and that there was insufficient evidence presented during the preliminary hearing. The district court denied the motion to dismiss on the ground that the statute of limitations had expired because the offense was a continuing offense. The district court did dismiss the charge, however, on the ground that during the preliminary hearing

426

the State had failed to present evidence on an essential element of the crime charged.

To be guilty of grand theft by possession, the defendant must have possessed the pickup with the intent to deprive the owner permanently of the pickup. The theft statute defined "owner" as someone whose right to possession of the property was superior to that of the person taking, obtaining or withholding the property. The district court reasoned that the car dealership had lost its right to bring an action to recover possession of the pickup by the operation of the three-year statute of limitations on actions for specific recovery of personal property. It therefore held that there was no evidence of an "owner" from whom the defendant permanently intended to deprive of the pickup.

The State appealed, and the defendant cross-appealed the district court's ruling that the three-year statute of limitations for felony offenses had not expired. On appeal, this Court held that the offense of theft by possession of stolen property was not a continuing offense. The statute of limitations would commence to run once the defendant was in possession of the pickup with knowledge that it was stolen and with the intent to keep it permanently from the owner. After noting that this would have occurred at least by 1987 when the defendant admitted to his sister that the pickup was "hot," this Court held that the three-year statute of limitations would have run before the charge was filed in 1991.

We agree with the lower courts that there is no logical basis for distinguishing this case from *State v. Barnes*. Therefore, we must either uphold the dismissal of the charge against Maidwell or overrule *State v. Barnes*. While we are cognizant of the importance *stare decisis* plays in the judicial process, we are not hesitant to reverse ourselves when a doctrine, a defense, or a holding in a case has proven over time to be unjust or unwise. *Salinas v. Vierstra*, 107 Idaho 984, 695 P.2d 369 (1985). Because the holding in *State v. Barnes* is unwise, we overrule it.

■ The district court in *State v. Barnes* held that the offense of possession of stolen property was a continuing offense. A continuing offense is a continuous, unlawful act or series of acts set in motion by a single impulse and operated by unintermittent force. *State v. Barlow's, Inc.*, 111 Idaho 958, 729 P.2d 433 (Ct.App.1986). Where an offense is a continuing one and is continued to a date within the statute of limitations, the prosecution is not barred even if the crime began on a date not within the statute. 21 Am. Jur. 2d *Criminal Law* § 298 (1998). Whether or not a crime is a continuing offense depends upon the intent of the legislature as disclosed by the language chosen for the statute or the nature of the crime involved. *Id.* The interpretation of a statute is an issue of law over which we exercise free review. *Lopez v. State*, 136 Idaho 174, 30 P.3d 952 (2001).

■ When deciding whether or not theft by possession of stolen property was a continuing offense, the Court in *State v. Barnes* did not address the language of the theft statute or the nature of that offense. It based its holding solely upon the language of the statute of limitations, which provided that the prosecution for the crime must be commenced within three years "after its commission." Based upon that language, the *Barnes* Court held the statute of limitations began running once every element of the crime occurred and the offense had therefore been committed.

Whatever merits such a continuing offense rule might have, we must reject the district court's analysis simply because the legislature did not create such a rule in enacting and amending the statute. It is well-established that the clearly expressed intent of the legislature must be given effect, thus leaving no occasion for construction where the language of a statute is plain and unambiguous. The plain language of I.C. § 19–402(1) states that the statute of limitations begins to run when the crime is committed. No other construction is possible. Pursuant to I.C. § 19–2403(4), the theft was committed at the time Barnes came into possession of the truck with knowledge that the truck was stolen and with the intent to deprive the owner thereof. This occurred no later than 1987, at which time Barnes admitted

to his sister the truck was stolen. Thus, four years had passed by the time the information against Barnes was filed in 1991.

*State v. Barnes,* 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993) (citation and footnote omitted). The reasoning of the *Barnes* Court was flawed. Whether or not a crime is a continuing offense depends upon the legislative intent in defining the crime, not upon the wording of the general statute of limitations.

The offense with which Maidwell was charged provides, "No person shall have in his possession any wildlife or parts thereof protected by the provisions of this title and the taking or killing of which is unlawful." IDAHO CODE § 36–502(b) (1994). When defining that crime, the legislature made it unlawful for any person to "have in his possession" the wildlife parts, rather than to "take possession of" the wildlife parts. The wording chosen by the legislature clearly indicates an intent to make this crime a continuing offense. *United States v. Winnie,* 97 F.3d 975 (7th Cir.1996). As long as the person has the wildlife parts in his possession, he is committing the crime. The statute of limitations will not begin to run until he ceases possessing the wildlife parts.

The legislature has made it illegal to possess various items, including possession of a handgun by a minor, IDAHO CODE § 18–3302F (1997), possession of a firearm by a felon, IDAHO CODE § 18–3316 (1997), possession of material that sexually exploits children for commercial or noncommercial purposes, IDAHO CODE §§ 18–1507 & –1507A (1997), possession of a controlled substance, IDAHO CODE § 37–2732(c) (Supp.2001), possession of drug paraphernalia, IDAHO CODE § 37–2734A (1994), and trafficking in controlled substances by possessing certain quantities, IDAHO CODE § 37–2732B (Supp.2001). There is absolutely nothing indicating that the legislature intended that any person who unlawfully took possession of such items and avoided prosecution for the length of the statute of limitations could thereafter continue to possess such items with impunity.

Maidwell possessed the antlers until the officers seized them on January 23, 1998. The criminal complaint was filed on December 17, 1998, within the period of the statute of limitations. Therefore, the magistrate erred in dismissing the complaint.

## III. CONCLUSION

We overrule *State v. Barnes,* 124 Idaho 379, 859 P.2d 1387 (1993) and hold that the magistrate erred in holding that the prosecution of the offense charged in this case was barred by the statute of limitations. We vacate the judgment dismissing the criminal complaint and remand this case for further proceedings.

Justices SCHROEDER and WALTERS concur.

Chief Justice TROUT, Dissenting:

Because I believe there is no adequate justification for overruling the relatively recent case of *State v. Barnes,* 124 Idaho 379, 859 P.2d 1387 (1993), I respectfully dissent.

In *Barnes,* this Court held that grand theft by possession of stolen property in violation of Idaho Code § 18–2403(4) was not a "continuing offense" extending until possession ceased; rather, theft was committed at the time the defendant came into possession of the stolen property. The Court noted the well-established rule that the clearly expressed intent of the legislature must be given effect, leaving no occasion for construction where the language of a statute is plain and unambiguous. *Barnes* at 380, 859 P.2d at 1388 (citing *Sherwood v. Carter,* 119 Idaho 246, 254, 805 P.2d 452, 460 (1991)). Applying this rule, the Court concluded the statute of limitations begins to run when the crime is committed, and the theft was committed at the time Barnes came into possession of the truck with the knowledge it was stolen and with the intent to deprive the rightful owner thereof. *Id.*

I believe that the holding in *Barnes* cannot be distinguished from this case because *Barnes* specifically addresses the core issue in this case; whether the crime of possession is a continuing offense. While *Barnes* did discuss the specific intent required in order to commit the crime, which made it possible to identify exactly when the item had been

**428**

stolen, that was not dispositive. The Court opined that the crime was committed and the statute of limitations began to run when all of the elements necessary to prove the crime had occurred.

I find no reasoned basis for reaching a different conclusion in the instant case. While different statutory provisions are involved, the crime nevertheless consists of possessing wrongfully taken property. Whether that property consists of a stolen truck or an antlerless elk taken without a permit is a distinction without a difference. For the purposes of determining the running of the statute of limitations, the issue is when all of the necessary elements of the crime have occurred. Here, it was when Maidwell wrongfully possessed the antlers of an animal taken without a lawful permit. That occurred no later than October 26, 1996. The prosecution commenced the charges on December 17, 1998, beyond the two-year statute of limitations.

It is also notable that the *Barnes* decision was issued in 1993, and yet despite several intervening legislative sessions, the legislature has not enacted any statutes which would denominate crimes involving possession of property as continuing offenses. Had the legislature disagreed with this Court's interpretation of "the plain language" of the statute, there have been opportunities to correct that error.

The following quote from *Barnes* is likewise applicable here:

> We further note that another rule of statutory interpretation supports our conclusion. The rule of lenity states that criminal statutes must be strictly construed in favor of defendants. *State v. Sivak*, 119 Idaho 320, 325, 806 P.2d 413, 418 (1990).

124 Idaho at 380, 859 P.2d at 1388.

For the reasons set forth above, I would hold *Barnes* controls and that the crime of illegal possession of wildlife or wildlife parts is committed when all elements of the crime have occurred.

Justice KIDWELL concurs.