**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50865**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: May 22, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| RYAN XAVIER MORGAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction for escape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Ryan Xavier Morgan appeals from his judgment of conviction for escape. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Morgan was participating in specialty court while being held in the Bonneville County Jail. As part of this program, Morgan was employed by a local business and was permitted to leave the jail to attend his work-release shifts. With the permission of the officers overseeing his work-release, Morgan was also permitted to run errands related to his employment before or after his shifts. Morgan's work-release agreement provided, in relevant part:

> If I walk away from the WR facility or my employment without permission from my supervisor; or if I fail to return to the WR facility after an approved activity (e.g. treatment, Sunday pass, etc.); it will be considered an escape and a warrant with a new ESCAPE charge will be issued for my arrest. I understand this new

1

charge will be a felony or misdemeanor based on the severest charge in the case number(s) I am actively booked on.

One of the days Morgan was on work-release, he had permission to obtain a bicycle and cell phone and to cash a check. Morgan was expected to return to the jail late that same night but did not. Two days later, Morgan was arrested by his probation officer and returned to the jail.

Morgan was charged with felony escape. I.C. § 18-2505(1). The complaint alleged that Morgan, "while convicted of a felony and while confined in the Bonneville County Jail escape[d] from [the] Bonneville County Jail, by not returning from his work release shift." Morgan filed a motion to dismiss, alleging that, as a probationer, he could not be charged with escape while on work-release. The district court denied the motion to dismiss, and Morgan entered a conditional guilty plea, reserving his right to appeal the denial of his motion. Morgan appeals.

## II.

## STANDARD OF REVIEW

A trial court's decision regarding a motion to dismiss a criminal action is reviewed for an abuse of discretion. *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Like a motion to suppress evidence, when a decision on a motion to dismiss is challenged, this Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found. *Sarbacher*, 168 Idaho at 4, 478 P.3d at 303. This Court will accept the trial court's findings of fact unless they are clearly erroneous. *Id*.

## III.

## ANALYSIS

Morgan argues that the district court erred in denying his motion to dismiss because he cannot be charged with escape when he had permission to independently travel to and from the jail for work-release. Morgan contends that, in defining felony escape, I.C. § 18-2505 does not

include failing to return to the jail after completing a work-release shift. The State responds that the record and applicable law supports the district court's decision. We hold that Morgan has failed to show the district court erred in denying his motion to dismiss because the escape charge alleged by the State is supported by the facts in the record and the applicable law.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code Section 18-2505(1) defines escape as follows:

> Every prisoner charged with, convicted of, or on probation for a felony who is confined in any correctional facility, as defined in section 18-101A, Idaho Code, including any private correctional facility, or who while outside the walls of such correctional facility in the proper custody of any officer or person, or while in any factory, farm or other place without the walls of such correctional facility, who escapes or attempts to escape from such officer or person, or from such correctional facility, or from such factory, farm or other place without the walls of such correctional facility, shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall commence at the time he would otherwise have been discharged. Escape shall be deemed to include abandonment of a job site or work assignment without the permission of an employment supervisor or officer. Escape includes the intentional act of leaving the area of restriction set forth in a court order admitting a person to bail or release on a person's own recognizance with electronic or global positioning system tracking or monitoring, or the area of restriction set forth in a sentencing order, except for leaving the area

of restriction for the purpose of obtaining emergency medical care. A person may not be charged with the crime of escape for leaving the aforementioned area of restriction unless the person was notified in writing by the court at the time of setting of bail, release or sentencing of the consequences of violating this section by intentionally leaving the area of restriction.

In interpreting I.C. § 18-2505(1), this Court considers four elements. Commission of the offense requires that the defendant: (1) was a "prisoner"; (2) was charged with, convicted of, or on probation for, a felony; (3) was confined in a correctional facility; outside the walls of such correctional facility in the proper custody of any officer or person; or in a factory, farm, or other place without the walls of such correctional facility; and (4) escaped or attempted to escape from such correctional facility; from such officer or person; or from such factory, farm, or other place. *State v. Shanks*, 139 Idaho 152, 155, 75 P.3d 206, 209 (Ct. App. 2003).

On appeal, Morgan concedes the second element. Morgan, however, argues that he was not a "prisoner" as contemplated by the first element and that he was not "confined in a correctional facility" or "outside the walls of such correctional facility," as contemplated by the third element. Morgan's argument challenging the first element was not raised before the district court.[1] Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, we will consider only the arguments raised to the district court--whether Morgan "escaped" as contemplated by the fourth element from a place identified in the third element. The relevant question with respect to these two elements is whether Morgan's failure to return to the jail after work and the activities he was authorized to do after work constituted escape pursuant to I.C. § 18-2505.

---

[1] Even so, we reject Morgan's unpreserved assertion that he was not a "prisoner." The term "prisoner" is defined in I.C. § 18-101A(6). Morgan satisfies that definition because the record establishes that he is a person "who has been convicted of a crime in the state of Idaho" and was "being housed" in the Bonneville County Jail, which qualifies as a local correctional facility." I.C. § 18-101A(6) (defining "prisoner"); I.C. § 18-101A(3) (defining "local correctional facility to include jail). At the preliminary hearing, a Bonneville County Sheriff's deputy testified that he is in charge of work release, Morgan was part of the work-release program, and that Morgan failed to return to the jail as he was required to do on the day of the alleged escape. Morgan's probationary status does not change our conclusion that Morgan was a prisoner for purposes of the escape statute because the statute, by its plain language, includes someone on probation. I.C. § 18-2505(1).

4

The district court concluded that, under the statute's plain language, not returning to jail when one is expected to return constitutes escape as described in I.C. § 18-2505. As to Morgan's conduct, the district court found Morgan had permission to leave his work-release shift, complete his errands, and return to the jail by the agreed-upon time and that his failure to return was sufficient to support an escape charge. Morgan contends the district court erred, arguing he did not abandon the job site or work assignment without permission because he was authorized to complete errands in conjunction with his work-release shift and did not abandon the job site or his work assignment to do so. Morgan's argument ignores the broad scope of the language in I.C. § 18-2505. To be sure, escape includes "abandonment of a job site or work assignment without the permission of an employment supervisor or officer." I.C. § 18-2505(1). But, the escape statute also encompasses escapes or attempts to escape from other places "without the walls of [a] correctional facility," which includes a jail. *Id.* The evidence in the record supports a conclusion that Morgan was committed to the custody of the jail, including when he was "without the walls" of the jail, at the time he chose not to return despite the requirement that he do so. As such, there is both a legal and factual basis to support the escape charge alleged in the complaint for which the magistrate court found probable cause. Accordingly, Morgan has failed to show error in the denial of his motion to dismiss.

## IV.
## CONCLUSION

Morgan has failed to show the district court erred in denying his motion to dismiss the escape charge. The judgment of conviction entered upon Morgan's conditional guilty plea to escape is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.