**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51405**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 3, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| FORREST GLENN SHUNN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Judgment of conviction for escape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Forrest Glenn Shunn appeals from his judgment of conviction for escape. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While incarcerated, Shunn was found injured with tears in his clothing after he attempted to climb a razor-wired fence. Earlier that day, Shunn wrote a last will and testament and sent a message to his mother describing his desire to get out of the correctional facility. Pieces of Shunn's clothing were found on and around the fence, and he admitted he climbed the fence. However, Shunn maintained that he did not intend to escape. Shunn claimed that he climbed the fence to hurt himself and draw attention to issues he was having with the correctional facility. Shunn was charged with escape. I.C. § 18-2505. At trial, a jury found Shunn guilty. Shunn appeals.

1

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Shunn argues that, although he is "mindful of the sufficiency standards," the State did not meet its burden of presenting sufficient evidence to prove that he intended to escape. The State responds that there was sufficient evidence presented for the jury to find Shunn guilty of escape. We hold that there was sufficient evidence presented at Shunn's trial from which the jury could conclude, beyond a reasonable doubt, that Shunn was guilty of escape.

In order to prove a defendant is guilty of escape, the State must prove that the defendant: (1) was a "prisoner"; (2) was charged with, convicted of, or on probation for a felony; (3) was confined in a correctional facility; outside the walls of such correctional facility in the proper custody of any officer or person; or in a factory, farm, or other place without the walls of such correctional facility; and (4) escaped or attempted to escape from such correctional facility; from such officer or person; or from such factory, farm, or other place. *State v. Shanks*, 139 Idaho 152, 155, 75 P.3d 206, 209 (Ct. App. 2003).

The district court instructed the jury that the State and Shunn stipulated that he had been convicted of a felony and was confined in a correctional facility. The district court also instructed the jury that the law makes no distinction between an attempt to escape and a completed escape.

2

In proving the elements of escape to which Shunn did not stipulate, the State presented evidence of a last will and testament written by Shunn prior to climbing the prison fence in which Shunn wrote that his only defense against the correctional facility was to leave and get away from the directors of the correctional facility. The State also presented evidence of a direct message sent from Shunn to his mother in which he wrote that he was getting out that day and would call her if he made it out. Finally, the State presented evidence that there were pieces of Shunn's clothing left on the fence, evidence of his injuries consistent with razor wire around the fence, and his admission that he was at the fence climbing it.

A review of the record shows that the State presented substantial evidence upon which the jury could have found that the prosecution sustained its burden of proving the essential elements of escape. We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to testimony, and the reasonable inferences to be drawn from the evidence. In this case, there was substantial evidence to support the jury's verdict of guilt.

## IV.

## CONCLUSION

Shunn has failed to show that the State presented insufficient evidence to find him guilty of escape. Accordingly, Shunn's judgment of conviction for escape is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.