913 P.2d 1196

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Robert MILLS, Defendant–Respondent.**

No. 21979.

Court of Appeals of Idaho.

April 1, 1996.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, argued, for appellant.

Westberg, McCabe & Collins, Chtd., Boise, for respondent. Thomas J. McCabe, Boise, argued.

Before WALTERS, C.J., LANSING, J., and SWANSTROM, J. Pro Tem.

PER CURIAM.

In August of 1993, Robert Mills was arrested and charged with driving under the influence of alcohol (DUI) pursuant to I.C. § 18–8004. After his arrest, Mills submitted to a breath testing procedure whereby two breath samples were taken to measure his blood alcohol concentration (BAC) level. The BAC level was 0.10 for the first sample and 0.09 for the second sample. Before trial, Mills moved to dismiss the case, arguing that the result of his breath test showed a BAC level of less than 0.10, and contended that I.C. § 18–8004(2) precluded the state from prosecuting him for DUI. The magistrate denied the motion, and the jury found Mills guilty of DUI. Mills appealed to the district court from the judgment of conviction, challenging the magistrate's order denying his motion for dismissal. The district court reversed the magistrate's order, holding that if either sample taken for the breath test fell below 0.10, the person tested could not be prosecuted. The state now appeals from the district court's appellate decision and order. For the reasons stated below, we likewise conclude that the magistrate's order denying the motion to dismiss should be reversed.

### ISSUE

The state asks this Court to determine whether the district court erred in reversing the magistrate's decision that allowed the state to prosecute Mills for DUI pursuant to I.C. § 18–8004 even though the BAC level of one of Mills's two breath samples was "not at least 0.10."

### STANDARD OF REVIEW

On appeal from an order of the district court reviewing a determination made by the magistrate, this Court examines the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Noble v. Fisher,* 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Pittsley v. Houser,* 125 Idaho 820, 822, 875 P.2d 232, 234 (Ct.App.1994). On questions of law, this Court applies the standard of free review. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.,* 127 Idaho 283, 285, 900 P.2d 191, 193 (1995); *State v. Burchard,* 123 Idaho 382, 384, 848 P.2d 440, 442 (Ct.App.1993).

### DISCUSSION

Idaho Code Section 18–8004(2) provides that:

> Any person having an alcohol concentration of less than 0.10, as defined in subsection (4) of this section,[1] as shown by analysis of his blood, urine, or breath, by *a test* requested by a police officer shall not be prosecuted for driving under the influence of alcohol, except as provided in subsection (3),[2] subsection (1)(b) or subsection (1)(d) of this section.[3] Any person who does not

1. I.C. § 18–8004(4) provides:

   For purposes of this chapter, an evidentiary test for alcohol concentration shall be based upon a formula of grams of alcohol per one hundred (100) cubic centimeters of blood, per two hundred ten (210) liters of breath or sixty-seven (67) milliliters of urine. Analysis of blood, urine or breath for the purpose of determining the alcohol concentration shall be performed by a laboratory operated by the Idaho department of law enforcement or by a laboratory approved by the Idaho department of law enforcement under the provisions of approval and certification standards to be set by that department, or by any other method approved by the Idaho department of law enforcement. Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or approved by the Idaho department of law enforcement or by any other method approved by

the Idaho department of law enforcement shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

2. I.C. § 18–8004(3) recites:

   If the results of the test requested by a police officer show a person's alcohol concentration of less than 0.10, as defined in subsection (4) of this section, such fact may be considered with other competent evidence of drug use other than alcohol in determining the guilt or innocence of the defendant.

3. I.C. §§ 18–8004(1)(b) and 18–8004(1)(d) provide as follows:

   (b) It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.04 through 0.09, as defined in subsection (4) of this section, as

take a test to determine alcohol concentration or whose test result is determined by the court to be unreliable or inadmissible against him, may be prosecuted for driving or being in actual physical control of a motor vehicle while under the influence of alcohol, drugs, or any other intoxicating substances, on other competent evidence. (Emphasis and footnotes added.)

The state contends that I.C. § 18–8004(2) does not preclude the prosecution of Mills for DUI even though one of his two breath samples had a BAC level below 0.10. The state argues that it is first necessary to determine what constitutes the "test" for purposes of I.C. § 18–8004(2). In doing so, the state claims that the "test" shall be performed according to the provisions of approval and certification standards set by the Idaho Department of Law Enforcement (IDLE) pursuant to I.C. § 18–8004(4); and that "such standards shall be issued in the form of policy statements and training manuals," IDAPA 11.03.01 through 11.13.03. The state attached as Appendix B to its brief, a policy statement issued by the IDLE, revised June 1, 1989, which provides that "a direct breath test consists of at least two separate breath samples; a third sample is required if the first two results differ by more than .02 BAC units."

The state further asserts that when a breath sample is taken, the Intoxilyzer 5000, the machine used by the IDLE to obtain a BAC level, is set to produce a two-digit reading even though the machine is capable of producing three-digit sample results. The state submits that the machine produces two-digit results by dropping the last digit without rounding up or down and, consequently, Mills's second breath sample of 0.09 could actually have been a reading of 0.099. The state therefore contends that the two-sample "test" administered to Mills shows that his BAC level was somewhere between 0.09 and 0.109. Consequently, such a test result does not show a BAC level of "less than 0.10," and I.C. § 18–8004(2) does not bar prosecution.

Mills asserts that his motion to dismiss should have been granted by the magistrate and that the district court's ruling should be upheld. He argues that: (1) the IDLE failed to properly promulgate the standards by which two samples are required; and (2) even if the standards were properly promulgated, the prohibition of prosecution provided in I.C. § 18–8004(2) takes effect if one of the samples is less than 0.10. He further argues that if the two-sample readings are averaged or the median of the readings is taken, the test result is still less than 0.10.

We first note that two days prior to the date set for oral argument in this case, the state filed a motion to augment the record to include the briefs filed by the parties on appeal to the district court. The state claimed that Mills's challenge to the validity of the rules at issue was being raised for the first time on appeal. Mills, however, claimed that the issue was properly before the district court on appeal, but that he has simply chosen to present to this Court a different argument.

■ When a second appeal is taken an appellant may not raise issues in a higher court different from those presented in an intermediate court. *Wood v. Wood,* 124 Idaho 12, 16–17, 855 P.2d 473, 477–78 (Ct.App. 1993); *Desfosses v. Desfosses,* 120 Idaho 354, 356, 815 P.2d 1094, 1096 (Ct.App.1991). The record before us shows that the validity of the standards promulgated by the IDLE was not raised as an issue before the district court. Consequently, we will not address the question of the legality of the IDLE rules on this appeal.

■ We now turn to the question of whether, when two breath samples are ad-

shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a commercial motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

. . . .

(d) It is unlawful for any person under the age of twenty-one (21) who has an alcohol concentration of at least 0.02 but less than 0.10, as defined in subsection (4) of this section, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public. Any person violating this subsection shall be subject to the penalties provided in section 18–8004A, Idaho Code.

ministered as a "test" under the IDLE, both samples must present a BAC level of less than 0.10 before the accused will be immune from prosecution pursuant to I.C. § 18–8004(2).

■ Under the rule of lenity, criminal statutes must be strictly construed in favor of the accused. *State v. Barnes,* 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993). The same principles of construction that apply to statutes apply to rules and regulations promulgated by administrative agencies. *Rhodes v. Industrial Comm'n,* 125 Idaho 139, 142, 868 P.2d 467, 470 (1993); *Bingham Memorial Hospital v. Dept. of Health and Welfare,* 112 Idaho 1094, 1096, 739 P.2d 393, 395 (1987).

■ Idaho Code § 18–8004(2) plainly speaks of "a test," which the IDLE in turn defines as consisting of at least two separate breath samples. We find this IDLE requirement of two samples to be inconsistent with the plain language of the statute. We hold that one sample constitutes "a test," as that term is used in I.C. § 18–8004(2), and if that sample shows a BAC level below 0.10, the accused cannot be prosecuted for DUI under this statute. Furthermore, if more than one sample is taken, each valid sample constitutes a test. If any of those samples falls below 0.10 then, again, the accused cannot be prosecuted for DUI under I.C. § 18–8004. We do not here question the authority of the IDLE to adopt standards requiring that more than one sample be taken when breath testing is performed. As stated in the policy statement attached as Appendix B to the state's brief, such a practice helps rule out "the possibility of an instrument malfunction, radio frequency interference, mouth alcohol or other rapidly fluctuating source of error which might effect a single result." However, taking two samples for quality control purposes does not permit the state to disregard one valid sample that shows an alcohol concentration of less than 0.10. Consequently, because one of Mills's breath samples fell below 0.10, and the state made no showing that the sample was an invalid aberration, Mills cannot be prosecuted for DUI.

Furthermore, we note for the record that the statute does not allow for the test result to be determined by the methods of averaging or of arriving at a median.

### CONCLUSION

For the reasons noted, we conclude that one valid sample constitutes "a test" pursuant to I.C. § 18–8004(2). If the BAC level of a valid sample is less than 0.10, the accused cannot be prosecuted for DUI under this statute. We therefore reverse the magistrate's order denying Mills's motion to dismiss. The case is remanded to the magistrate division for entry of an order of dismissal.