# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34411

STATE OF IDAHO,

    Plaintiff-Appellant-Cross Respondent,

v.

ROBERT ANDERSON,

    Defendant-Respondent-Cross Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2007 Term

Opinion No. 3

Filed: January 9, 2008

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Tom Watkins, Magistrate Judge. Hon. D. Duff McKee, District Judge.

The decision of the magistrate court is <u>affirmed</u> and the case is <u>remanded</u> to the magistrate court for execution of sentence.

Hon. Lawrence G. Wasden, State Attorney General, for appellant-cross respondent. Lori Fleming argued.

Ringert Clark, Chtd., Boise, for respondent-cross appellant. James Reid argued.

---

W. JONES, Justice

Robert Anderson was convicted by jury trial for misdemeanor driving under the influence with an alcohol concentration of 0.20 or more. The State presented evidence at trial of three alcohol concentration tests by Anderson registering respectively at 0.22, 0.19, and 0.24. The Court of Appeals affirmed the district court's appellate decision reversing the jury verdict on the grounds of insufficient evidence. The Court of Appeals affirmed the district court's denial of Anderson's cross-appeal for defective complaint and verdict, insufficient foundation to admit the alcohol concentration results and failure to sanction the State for failure to comply with a discovery order. The State and Anderson petition this Court for review.

1

On May 28, 2001, police officers responded to an accident by a suspected drunk driver. Robert Anderson hit a curb while driving and damaged his front tire. Anderson appeared to be under the influence of alcohol. No field sobriety tests were administered because Anderson was having trouble standing and maintaining his balance. According to the arrest report, Anderson consumed four beers over the course of four or more hours and was on his way home from the bar. Anderson was then placed under arrest and taken to Ada County Jail. At the jail three breathalyzer tests were administered. The first and second test registered alcohol concentration levels by analysis of the breath of 0.22 and 0.19 respectively. A third test was administered in accordance with police procedures because the deviation between the first two tests was greater than 0.02. The third test registered an alcohol concentration level of 0.24.

Anderson was charged under I.C. § 18-8004C(1) (enhanced DUI), which makes it a misdemeanor to drive with an alcohol concentration of 0.20 or more. He moved to dismiss the charges based on the test that registered 0.19, arguing that as a matter of law the State could not prove that element of the crime beyond a reasonable doubt. The magistrate denied the motion after the State argued that it would present evidence at trial explaining why the result should be disregarded.

The parties stipulated that Anderson was guilty of I.C. § 18-8004(1)(a), driving with an alcohol concentration of 0.08 or more (simple DUI). Therefore, the only issue to resolve at trial was whether Anderson was guilty of an enhanced DUI, I.C. § 18-8004C(1), driving with an alcohol concentration of 0.20 or more. At trial, the State presented the testimony of two witnesses, the arresting officer who administered the breathalyzer test and an expert witness on breathalyzer tests. The arresting officer testified that the tests were performed in one minute intervals with no irregularities and that Anderson performed the tests correctly and the breathalyzer test registered the results. The State's expert, David Laycock, testified that the machine was calibrated low, and that because the test results of 0.22 and 0.24 were within 0.02 of each other, that his opinion was that Anderson's alcohol concentration was at least 0.20. Laycock also testified to various reasons a low test may result. The jury found Anderson guilty of an enhanced DUI under I.C. § 18-8004C(1).

Anderson appealed to the district court contending (1) insufficient evidence to support the verdict, (2) error by the magistrate for failure to issue discovery sanctions, and (3) error in the foundational testimony for the admission of the alcohol concentration results. The district court

reversed the jury conviction because the State failed to present sufficient evidence to support the jury's verdict beyond a reasonable doubt. The district court found no other error in the proceedings. The State appealed to the Court of Appeals, and Anderson cross appealed the denial of his other claims. The Court of Appeals affirmed the district court's conclusions. The State and Anderson petition this Court for review.

The following issues are presented to this Court on appeal:

1. Whether the district court erred in reversing Anderson's jury conviction on the basis that the State failed to present sufficient evidence to support guilt beyond a reasonable doubt.
2. Whether the magistrate court abused its discretion when it failed to issue discovery sanctions against the State and allowed the State's expert witness to testify.
3. Whether the magistrate court erred when it allowed the results of the alcohol concentration tests to be introduced.
4. Whether the magistrate court erred in denying Anderson's motion to dismiss the case based on the defective complaint.
5. Whether the verdict form was defective because it required the jury to find Anderson guilty of the enhancement statute prior to finding him guilty of a simple DUI.

"In an appeal from a final judgment of a magistrate judge following an appeal to a district judge sitting as an appellate court, we [the Supreme Court] review the record of the magistrate judge independently of the decision of the district judge." *State v. Kenner*, 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992) (citing *Robinson v. Joint Sch. Dist. No. 331*, 105 Idaho 487, 490, 670 P.2d 894, 897 (1983)). Evidence is insufficient to support the verdict when there is no substantial evidence from which any rational jury could have concluded that the defendant was guilty beyond a reasonable doubt. *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 325 (1979)). The jury determines the credibility of witnesses, the weight of the evidence, and may draw all reasonable inferences from the evidence presented. *State v. Reyes*, 121 Idaho 570, 572, 826 P.2d 919, 921 (Ct. App. 1992) (citing *State v. Ojeda*, 119 Idaho 862, 864, 810 P.2d 1148, 1150 (Ct. App. 1991)).

Statutory interpretation is a question of law over which this Court exercises free review. *State v. Maidwell*, 137 Idaho 424, 426, 50 P.3d 439, 441 (2002) (citing *Lopez v. State*, 136 Idaho 174, 30 P.3d 952 (2001)). "The rule of lenity states that criminal statutes must be strictly construed in favor of defendants." *State v. Barnes*, 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993) overruled on other grounds, (citing *State v. Sivak*, 119 Idaho 320, 325, 806 P.2d 413, 418 (1990)).

**The State presented sufficient evidence to support the jury's verdict finding Anderson guilty beyond a reasonable doubt of driving with an alcohol concentration of 0.20 or more.**

Anderson argues that under *State v. Mills* the State is barred from prosecuting defendants under I.C. § 18-8004C(1), as a matter of law, who register any alcohol concentration, by analysis of blood, breath or urine, under 0.20. *State v. Mills*, 128 Idaho 426, 913 P.2d 1196 (Ct. App. 1996). In *Mills*, the defendant registered two alcohol concentration results of 0.10 and 0.09.[1] *Mills*, 128 Idaho 426, 913 P.2d 1196. I.C. § 18-8004(2) specifically barred the prosecution of a person who registered a test result lower than 0.10. The Court of Appeals found that any single result constitutes "a test" for purposes of the statute. *Mills*, 128 Idaho at 429, 913 P.2d at 1199. Therefore, any test registering under 0.10 was un-prosecutable as a matter of law. *Id.* Anderson is asking this Court to forbid the prosecution of a person who registers alcohol concentration tests both below the statutory limit and above the statutory limit of the enhancement statute. This Court declines to do so.

I.C. § 18-8004C(1) does not have a provision similar to I.C 18-8004(2). No portion of the statute expressly forbids the prosecution of a person who returns a test with an alcohol concentration level under 0.20. Therefore, to forbid the prosecution of a person with conflicting alcohol concentration tests, this Court would be adding language to the statute that the legislature did not intend. Under the enhancement statute, I.C. § 18-8004C(1), conflicting tests go towards the weight of the State's evidence.

Here, the evidence presented by the State was sufficient for a rational jury to make a finding of guilt beyond a reasonable doubt. The State's expert testified to reasons why the result of 0.19 should be disregarded. He also testified that because the 0.22 and 0.24 results were within the standard range of deviation (0.02) that most likely the defendant had an alcohol concentration above 0.20. The defense did not object to the expert's testimony beyond the discovery violation. Although the arresting officer testified that all of the alcohol concentration tests by analysis of breath were conducted properly, he also testified that the third test was only conducted because the first two were outside the standard range of deviation in accordance with Idaho State Police Procedures.

---

[1] The statute in effect at the time Mills was convicted made it a misdemeanor to drive with an alcohol concentration level of 0.10 or more.

It is within the province of the jury to assign weight to conflicting evidence and credibility to testimony. The jury determined that the evidence presented proved beyond a reasonable doubt that the 0.22 and 0.24 test results were valid and that the 0.19 test result, although valid, should be disregarded. We do not speculate how the jury reached this conclusion, but merely determine that it was within their power to do so once the State presented testimony as to why the 0.19 test result was inconsistent. Additionally, the State's expert, David Laycock, rendered an opinion that Anderson's alcohol concentration was at least 0.20. It was for the jury to accept or reject that testimony.

"Where there is competent evidence to sustain the verdict, this court [sic] will not reweigh that evidence." *Filson*, 101 Idaho at 386, 613 P.2d at 943 (citation omitted). This Court will not disregard a jury's verdict unless the evidence is insufficient for *any* rational jury to find the defendant guilty beyond a reasonable doubt. In this instance, there was sufficient evidence for a rational jury to find guilt beyond a reasonable doubt that the defendant registered an alcohol concentration above 0.20. The district court erred in reversing Anderson's conviction.

**The magistrate court did not abuse its discretion when it failed to issue discovery sanctions against the State**.

The decision whether to impose discovery sanctions is within the discretion of the trial court. *In re Doe*, 129 Idaho 663, 666, 931 P.2d 657, 660 (Ct. App 1997) (citing *Ashby v. W. Council, Lumber Prod. & Indus. Workers*, 117 Idaho 684, 686, 791, P.2d 434, 436 (1990)). The trial court does not abuse its discretion if (1) the decision is recognized as discretionary, (2) the actions are within the boundaries of that discretion and the correct legal standards are applied, and (3) the decision is reached through an exercise of reason. *In re Doe*, 129 Idaho at 666, 931 P.2d at 660 (citing *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)). When imposing discovery sanctions, the court should balance the equities and make the punishment fit the crime. *In re Doe*, 129 Idaho at 668, 931 P.2d at 661 (citing *S. Idaho Prod. Credit Assoc. v. Astorquia*, 113 Idaho 526, 746 P.2d 985 (1987)). The judge should balance the culpability of the disobedient party against the resulting prejudice to the innocent party. *Id.* at 668, 931 P.2d at 661 (citing *S. Idaho Prod. Credit Assoc.*, 113 Idaho at 532, 746 P.2d at 991).

The magistrate court issued a pre-trial discovery order requiring the disclosure of the name, address, phone number and curriculum vitae of all expert witnesses. The State answered with "David Laycock, criminalist/expert witness, State Crime Lab." At trial, Anderson objected to the expert's testimony and moved to exclude any testimony for failure to disclose the required

5

discovery materials. The magistrate found that the State had failed to disclose the required discovery materials, but that Anderson was unable to show any prejudice as a result. The magistrate called a recess and allowed Anderson the opportunity to review Mr. Laycock's curriculum vitae prior to cross-examination.

Discovery sanctions are within the discretion of the trial court. The magistrate found that the State was minimally culpable in this instance and that Anderson suffered little or no prejudice as a result. Anderson was issued the discovery answer close to a year before trial and did not object until trial. Anderson did not allege that he attempted but was unable to contact Mr. Laycock prior to trial. The magistrate offered a lesser sanction, and Anderson refused, contending that the exclusion of the expert was the only appropriate means. There was no error in the magistrate's decision not to exclude Mr. Laycock's testimony from trial.

**The magistrate court did not err when it allowed the results of the alcohol concentration tests to be introduced into evidence**.

The State was required to show that the Intoxilyzer 5000 (breathalyzer test) was a method of analysis approved by the Idaho State Police at the time that the tests were conducted. I.C. § 18-8004(4). Anderson contends that the State failed to provide a foundation for the admission of the alcohol concentration test results because Mr. Laycock, the State's expert witness, did not specifically state that the Intoxilyzer 5000 was approved on the date in question. The State provided the foundation for the admission of the alcohol concentration test results through witness testimony. Mr. Laycock testified that (1) he had been employed at the Idaho State Police Forensic Laboratory since 1982, (2) he wrote the standard operating procedures for the Intoxilyzer 5000, and (3) the Intoxilyzer 5000 was approved as a state certified instrument in the early 1990's and was still in use.

Questions of admissibility of evidence shall be determined by the court. I.R.E. 104(a); *State v. Uhlry*, 121 Idaho 1020, 1022, 829 P.2d 1369, 1371 (Ct. App. 1992). The magistrate did not abuse his discretion when he allowed the admission of the alcohol concentration test results into evidence. Mr. Laycock's testimony states that the Intoxilyzer 5000 was approved by the Idaho State Police almost two decades ago and is still in use. Therefore, the State laid a sufficient foundation for the admission of the test results and it was within the discretion of the trial court to allow the admission of the evidence.

**The magistrate court did not err in denying Anderson's motion to dismiss the case based on the defective complaint.**

After the jury verdict, Anderson filed a motion to dismiss contending that the complaint was defective. The magistrate denied his claims holding that Anderson was unable to show that he misunderstood the nature of the charges against him. On cross-appeal to the Court of Appeals, Anderson asserted that the complaint was jurisdictionally defective because it failed to cite to I.C. § 18-8004(1)(a).[2] The complaint cites I.C. §§ 18-8004 and 18-8004C.[3]

Whether a court has jurisdiction and whether charging documents are valid are questions of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). The assertion that a charging document fails to assert jurisdiction may be raised at any time during the proceedings. I.C.R. 12(b)(2). A charging document fails jurisdictionally if it does not state the elements of the crime. However, there is a strong presumption of validity if the defects are raised in an untimely manner. *Jones,* 140 Idaho at 758, 101 P.3d at 703 (citing *State v. Cahoon*, 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989)). "[S]ufficiency of the charging document will 'be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted.'" *Id.* (citing *Cahoon*, 116 Idaho at 400, 775 P.2d at 1242). On review, this Court may imply the necessary language from the charging document. *Id.* (citing *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991)). Any due process challenges to the charging document are waived if not brought prior to trial. I.C.R. 12(b)(2); *Jones,* 140 Idaho at 758, 101 P.3d at 703.

Anderson failed to bring a due process challenge as to the sufficiency of the charging document prior to trial; therefore, that claim is waived. The charging document failed to cite I.C. § 18-8004(1)(a), but did cite the enhancement statute of I.C. § 18-8004C, which in turn cites to the applicable subsection (I.C. § 18-8004(1)(a)). A charging document does not necessarily

---

[2] "It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

[3] "Any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), Idaho Code, for the first time, but who has an alcohol concentration of 0.20, as defined in section 18-8004(4), Idaho Code, or more, as shown by an analysis of his blood, breath or urine by a test requested by a police officer, shall be guilty of a misdemeanor . . ."

require that the State cite to every applicable subsection of a statute. The charging document, although not ideal, is sufficient to confer jurisdiction on the court.

**There was no defect in the verdict form because Anderson stipulated to the lesser included offense prior to trial.**

Anderson argues that the verdict form was defective because it allowed the jury to convict him under the enhancement statute (I.C. § 18-8004C(1)) prior to a finding of a simple DUI (18-8004(1)(a)). Anderson stipulated prior to trial to having a blood alcohol concentration of 0.08 or more. Therefore, the jury was not required to find Anderson guilty of driving with an alcohol concentration of 0.08 or more prior to finding him guilty of driving with an alcohol concentration of 0.20 or more.

For the foregoing reasons, Anderson's conviction of an excessive DUI (I.C. § 18-8004C(1)) is affirmed. This case is remanded for sentencing.

Chief Justice EISMANN and Justices BURDICK, J. JONES and HORTON, **CONCUR.**