Justice W. JONES,
concurring in part and dissenting in part.
I concur in part and respectfully dissent in part from the Opinion of the Majority.
Although I concur with the Majority’s holding that the district court did not abuse its discretion in preventing Dr. Blaylock from being called in Dr. Coonrod’s ease-in-chief, I must dissent from its conclusion that the district court did not abuse its discretion when it prevented Dr. Coonrod from questioning Dr. Blaylock on cross-examination, because I believe the subject matter of the questioning would have been well within the scope of direct examination.
First, I concur in the holding regarding timeliness and the adequacy of expert disclosures solely because the decision regarding disclosure of expert witnesses and their opinions is within the discretion of the trial judge and I cannot say that the judge abused his discretion as to this matter. However, I do believe the holding rests on shaky reasoning. The Majority holds that Dr. Coonrod’s disclosure of Dr. Blaylock as a witness is inadequate because “even if [the disclosures] had been timely filed, and properly included as expert disclosures, it would have been insufficient to meet the standard articulated in I.R.C.P. 26(b)(4).”
I respectfully disagree. Dr. Coonrod explicitly and specifically identified Dr. Blaylock as a witness he intended to call and he identified the subject matter of his testimony, the facts and data upon which that testimony was based, as well as the qualifications of Dr. Blaylock. The fact that Dr. Coonrod provided that information by way of reference to and incorporation of the content of the deposition and the content of the plaintiffs expert witness disclosures, under the facts of this case, was sufficient to comply with the discovery rules. It seems nonsensical to me, under the circumstances of this case, to require a defendant to re-type the entire relevant content of the deposition as well as the entire content of plaintiffs disclosure as to Dr. Blaylock when those documents were clearly incorporated.
The plaintiffs were already well aware of the content of Dr. Blaylock’s expected testimony long before trial. Certainly then, there is no prejudice to plaintiffs that Dr. Coonrod did not fully regurgitate all of the information already known to and supplied by the plaintiff. In the present case, whether the timeliness of these disclosures as well the adequacy of the responses to interrogatories caused any prejudice to plaintiffs is highly questionable. I defer to the trial court’s ruling on this issue solely because it was within his discretion. If I were entitled to substitute my discretion, I clearly would have held the disclosures adequate, even though slightly late, unless the plaintiff could show some prejudice. State v. Anderson, 145 Idaho 99, 105, 175 P.3d 788, 794 (2008) (holding that the magistrate did not abuse his discretion by not excluding expert testimony from trial even though it was not properly disclosed because the aggrieved party “was unable to show any prejudice as a result” of the violation). Since they already knew the full content of Dr. Blaylock’s testimony and the parts favorable to the defendant, I see no way they could have been prejudiced. In nearly every trial there are issues of adequacy and timeliness of discovery and disclosures on both sides of the controversy. Although I believe the rules should be enforced, I also recognize reality in the trial process, having tried more than 120 cases to a jury verdict in private practice, and believe that unless there is some prejudice to a party there should be some laxity allowed in the requirements of such rules, simply because the primary objective is to reach the truth based on all of the substantive admissible evidence rather than on strict adherence to procedural rules when no prejudice is involved. Id.
To be clear, I do not condone the practice of late and/or inadequate disclosures because *652 I believe that under normal circumstances the opposing party could perhaps be prejudiced. While I agree that it is clearly better practice to completely comply with deadlines and the requirements of the rules, I think the unique facts of the present case indicate that sufficient leeway should have been allowed in order to reach a decision on the merits of the ease. However, as I have already stated, given the standard of review, I concur with the Majority that there was no abuse of discretion.
Another matter on which I wish to comment is the statement in the Majority Opinion that “[i]n the event they [defendants] wish to attempt to meet their burden of proof by calling the expert of their opponent, they must fully comply with the requirements of the Idaho Rules of Evidence.” I do not see anything in the Rules of Evidence that would preclude the admissibility of Dr. Blaylock’s proffered testimony, even though under the Idaho Rules of Civil Procedure the disclosures may not have been timely. Again, I do not think any violation of the timeliness requirements created any prejudice. I note that the discovery deadline was March 1, 2009 and Dr. Coonrod served his answers to interrogatories on the Aguilars on March 3, 2009, even though the answers were not officially filed, which is not normally required anyway, until March 9. Missing the deadline by two days can hardly be prejudicial when the plaintiffs already knew all of the substantive material and trial was still approximately two months away.
Although it may be the better practice for a defendant asserting the defense of comparative negligence to retain his or her own expert, I see nothing in the rules or the ease law that would prevent a defendant from relying upon testimony of the opposing party’s expert, if desired.
Idaho Rule of Civil Procedure 1(a) states that the “rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding.” (emphasis added). This Court has reaffirmed the purpose of this rule. Sines v. Blaser, 98 Idaho 435, 439, 566 P.2d 758, 762 (1977) (stating that I.R.C.P. 1 “is a constant reminder that the rules are to be liberally construed, and a just result is always the ultimate goal to be accomplished.”). This Court has previously endorsed a liberal application of the disclosure rules by affirming the district court’s decision to allow an expert witness who was not timely disclosed to testify on rebuttal. McDonald v. Safeway Stores, Inc., 109 Idaho 305, 309, 707 P.2d 416, 420 (1985). The relevant inquiry should be whether or not the interests of justice are served. See Edmunds v. Kraner, 142 Idaho 867, 873, 136 P.3d 338, 344 (2006) (“The purpose of our discovery rules is to facilitate fair and expedient pretrial fact gathering. It follows, therefore, that discovery rules are not intended to encourage or reward those whose conduct is inconsistent with that purpose.”).
I must dissent from that part of Section A holding that Dr. Coonrod could not read Dr. Blaylock’s deposition to the jury on cross-examination. Idaho Rule of Civil Procedure 32(a)(1) provides under certain circumstances that a deposition can be used “by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose under the Idaho Rules of Evidence” (emphasis added). The only Rule of Evidence applicable to this matter would seem to be whether the deposition was being used for cross examination that was outside the scope of direct examination or was irrelevant. As for the scope of direct, I believe the trial court and this Court apply the rule regarding scope of cross-examination too narrowly, or at least do not apply it liberally, and thus I would hold that the trial court abused its discretion. The rule states that “[c]ross-examination should be limited to the subject matter of the direct examination.” I.R.E. 611(b) (emphasis added). Indeed, cross-examination “is limited to facts stated in the direct examination or connected therewith,” but “this allows cross-examination not only as to all facts stated by a witness in his original examination, but as to other facts connected with them, directly or indirectly tending to explain, modify, or qualify the inference resulting from the facts stated by the witness in his direct examination.” Towne v. Nw. Mut. Life Ins. Co., 58 Idaho 83, 70 P.2d 364, 367 (1937). On direct, Dr. *653 Blaylock testified regarding the standard of care for recognizing pulmonary emboli, testified that Dr. Coonrod was negligent for not diagnosing Maria, and that he caused her death by failing to do so. Cross-examination of Dr. Blaylock would have allowed Dr. Coonrod to show that at least at one time, Dr. Blaylock believed the treatment of two doctors other than Dr. Coonrod contributed to the cause of Maria’s death by breaching the standard of care. That fact goes directly to the issue of causation which was a subject matter clearly raised on direct. I fail to see how this cross-examination intended to prove comparative causation among tortfeasors is outside the scope of direct examination, and I would hold that the district court abused its discretion in determining that it was.
I concur with Part B of the Majority’s Opinion.