**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41428**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Opinion No. 57** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  July 24, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DESIREE B. ELIASEN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Stephen S. Dunn, District Judge.  Hon. Rick Carnaroli, Magistrate.

Intermediate appellate decision of the district court affirming magistrate's judgment of conviction for second degree stalking, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Desiree B. Eliasen appeals from the decision of the district court in its appellate capacity affirming the magistrate's judgment entered upon a jury verdict finding her guilty of second degree stalking, Idaho Code § 18-7906.  She claims there was insufficient evidence to support her conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Eliasen was charged with one count of second degree stalking.  The victim is the wife of a police officer and they have two young children.  As the victim and her three-year-old daughter left their residence to run errands, she noticed a brown Chevy Blazer stopped on the road across from her home.  After waiting for the Blazer to proceed down the street, which it ultimately did not, the victim backed out of her driveway.  The Blazer then made a U-turn and followed her to the Goodwill store, which entailed traveling several blocks and making four turns.  The victim

1

exited her vehicle at the Goodwill store and carried her donations to the door. She then proceeded to exit the parking lot and when she stopped at a traffic light, she became concerned the Blazer was still following her. When the light changed, the victim turned and the Blazer followed her. Instead of proceeding to Fred Meyer, she made another turn and the Blazer continued to follow her.

The victim became frightened and tried to reach her husband. Her first call was unsuccessful, but she was able to reach him on her second phone call and they decided she should go to the police station to meet him. It was not until the victim turned in front of the police station that the Blazer stopped following her and continued to go straight. The victim reported the license plate number.

After being charged with second degree stalking, Eliasen filed a motion to dismiss, arguing she had only followed the victim on one occasion and that the statute requires a "course of conduct" as an essential element. The magistrate court denied the motion, holding that the police report could be interpreted as demonstrating two separate events, distinguished by the victim stopping at the Goodwill store. Thereafter, the State filed a complaint and Eliasen filed a renewed motion to dismiss, which was also denied.

At trial, Eliasen unsuccessfully moved for a judgment of acquittal. A jury convicted Eliasen of second degree stalking. Eliasen appealed to the district court. The only issue she pursued on appeal was whether the State presented sufficient evidence to prove the material elements of the offense beyond a reasonable doubt. The district court found the magistrate's ruling was supported by substantial and competent evidence in the record. The district court upheld the jury verdict and affirmed the judgment of the magistrate.

Eliasen timely appeals to this Court arguing there is insufficient evidence to support her conviction.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow

2

therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)).  Thus, the appellate courts do not review the decision of the magistrate court.  *Bailey*, 153 Idaho at 529, 284 P.3d at 973.  Rather, we are procedurally bound to affirm or reverse the decisions of the district court.  *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Under the applicable statute, a person "commits the crime of stalking in the second degree if the person knowingly and maliciously . . . [e]ngages in a course of conduct that seriously alarms, annoys or harasses the victim and is such as would cause a reasonable person substantial emotional distress."  I.C. § 18-7906(1)(a).  Eliasen claims there is insufficient evidence to support her conviction.  Specifically, she argues that the district court erred in finding there was sufficient evidence to conclude her behavior constituted a "course of conduct" as required by the statute.  The statute defines "course of conduct" as "repeated acts of nonconsensual contact involving the victim or a family or household member of the victim, provided however, that constitutionally protected activity is not included within the meaning of this definition" I.C. § 18-7906(2)(a).  The statute further provides that "nonconsensual contact" includes, but is not limited to:

> (i) Following the victim or maintaining surveillance, including by electronic means, on the victim;
> (ii) Contacting the victim in a public place or on private property;

(iii) Appearing at the workplace or residence of the victim;

(iv) Entering onto or remaining on property owned, leased or occupied by the victim;

(v) Contacting the victim by telephone or causing the victim's telephone to ring repeatedly or continuously regardless of whether a conversation ensues;

(vi) Sending mail or electronic communications to the victim; or

(vii) Placing an object on, or delivering an object to, property owned, leased or occupied by the victim.

I.C. § 18-7906(2)(c). Eliasen argues the district court's ruling is erroneous because while the type of prohibited contact may have changed, there was only a single occurrence of nonconsensual contact between her and the victim because there was no break in the contact. Therefore, she claims the evidence was insufficient to show "repeated acts of nonconsensual contact." The State argues the district court was correct because the statute does not require a break in contact, only that there be "repeated acts of nonconsensual contact."

In finding that there were "repeated acts," the district court reasoned that Eliasen engaged in more than one of the types of prohibited contact: conducting surveillance of the victim, following the victim, and appearing at her residence. It found there were actually four specific instances of prohibited conduct: (1) appearing at the victim's residence; (2) following her to Goodwill; (3) conducting surveillance on the victim while she was at Goodwill; and (4) following her from Goodwill to the police station.

Eliasen argues the district court's analysis converting a change in the nature of the contact into separate instances of contact is contrary to the plain language of the statute. Eliasen asserts there cannot be "repeated acts of nonconsensual contact" because there can only be a new act if there is a break in the original contact. She cites *State v. Anderson*, 145 Idaho 99, 175 P.3d 788 (2008), for the position that "[t]he rule of lenity states that criminal statutes must be strictly construed in favor of defendants." *Id*. at 103, 175 P.3d at 792. However, where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

There is substantial and competent evidence in the record to support the conclusion that Eliasen's actions constituted a course of conduct, and that in this case, there are "repeated acts of nonconsensual contact." We need not determine whether Eliasen's conduct constituted more than two instances of nonconsensual contact. Eliasen committed a nonconsensual contact by

4

appearing at the victim's residence and another when she conducted a U-turn and followed the victim.  Therefore, the evidence is sufficient to support her conviction.

## III.

## CONCLUSION

There is sufficient evidence to support Eliasen's conviction for second degree stalking. Therefore, we affirm the district court's appellate decision affirming the magistrate's judgment of conviction and sentence.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**