**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51663**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Filed: December 17, 2025** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| **BETTY SUE BLACK,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge. Hon. Benjamin D. Harmer, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment of conviction for misdemeanor driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Betty Sue Black appeals from the district court's decision, on intermediate appeal from the magistrate court, affirming the judgment of conviction for misdemeanor driving under the influence (DUI) and the denial of Black's motion in limine and motion to dismiss. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2023, Black drove herself to the probation office to meet her probation officer. The probation officer smelled the odor of alcohol emitting from Black. After being questioned by the probation officer, Black admitted she consumed alcohol the previous evening. The probation officer, a certified breath-testing specialist, collected two breath samples from Black at 8:57 a.m. utilizing standard testing procedures. Black's breath alcohol concentration (BAC) was 0.091 and

1

a 0.087, both over the legal limit for operating a motor vehicle. Due to the BAC results, Black's probation officer called law enforcement.

When law enforcement arrived, the police officer decided to collect two additional samples. Those samples taken at 9:35 a.m. and 9:37 a.m., yielded BAC results of 0.081 and 0.075. Black was cited for misdemeanor DUI in violation of Idaho Code § 18-8004. Black filed a motion in limine and motion to dismiss, arguing that, because one of her breath samples was below the legal limit of 0.08, dismissal was required under *State v. Mills*, 128 Idaho 426, 913 P.2d 1196 (Ct. App. 1996). The magistrate court denied the motion in limine and motion to dismiss, finding the State was relying on the probation officer's testing rather than the samples provided to the police officer as evidence to support the DUI charge.

At trial, a jury found Black guilty, and the magistrate court entered a judgment of conviction for misdemeanor DUI. Black appealed to the district court. The district court affirmed the magistrate court's judgment of conviction and denial of Black's motion in limine and motion to dismiss. Black again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Black claims the district court erred in its intermediate appellate decision affirming the judgment of conviction and the denial of Black's motion in limine and motion to dismiss. Relying

on *Mills*, Black argues that, although two sets of breath samples, each including two breath tests, were taken, because one of the breath tests was below the legal limit for operating a motor vehicle, prosecution under I.C. § 18-8004(2) was precluded. Idaho Code § 18-8004(1) provides that it is unlawful for any person who has an alcohol concentration of 0.08 or more to operate a motor vehicle. However, I.C. § 18-8004(2) provides that any person having an alcohol concentration of less than 0.08 as shown by a breath analysis test requested by a police officer, shall not be prosecuted for driving under the influence of alcohol.

In *Mills*, this Court defined a "test" to be any breath sample, including if more than one sample is collected. *Mills*, 128 Idaho at 429, 913 P.2d at 1199. We held:

> that one sample constitutes "a test," as that term is used in I.C. § 18-8004(2), and if that sample shows a BAC level below 0.10, the accused cannot be prosecuted for DUI under this statute. Furthermore, if more than one sample is taken, each valid sample constitutes a test. If any of those samples fall below 0.10 then, again, the accused cannot be prosecuted for DUI under I.C. § 18-8004.

*Id*. In *Mills*, two breath samples were taken, one above the legal limit and one below.[1] We recognized the policy of taking two samples for quality control purposes but concluded that if one sample was below the legal limit, the existence of that sample invoked the protection in I.C. § 18-8004(2). *Id*.

The magistrate court concluded *Mills* was distinguishable because it involved only two breath samples, while Black provided two sets of two samples, with the two earlier samples exceeding the legal limit. The magistrate court held:

> So this is a different scenario than Mills. If the state were trying to rely on just the second set of tests, then under Mills this case would need to be dismissed, but where the first set was taken closer to the time the defendant was driving, I think everybody understands the idea that alcohol dissipates from the body steadily over time.
> And where the first set is higher and is closer in time the defendant was driving and there are two valid samples taken within that measured time limit, and the state believes they can prove the case on those two samples, then the court won't dismiss this case based on there being, 40 minutes later, one sample out of the four that's below because that one seems to be related to a different point in time than the one that's closer to when the defendant was driving. So the Court will deny the motion on that basis.

---

[1] At the time *Mills* was decided, the BAC limit was 0.10. Subsequently, the BAC limit was reduced to 0.08. Idaho Code § 18-8004.

3

Thus, the magistrate court acknowledged that reliance only on the second set of samples, where one fell below the legal limit, would require dismissal of the charge under I.C. § 18-8004(2). However, the BAC samples obtained from Black by the probation officer could be the basis for the DUI charge. The magistrate court held that neither I.C. § 18-8004(2) nor *Mills* required dismissal as the two sets of samples were separate and the samples taken by the probation officer were closer to the time Black was driving.

On appeal to the district court, Black argued the magistrate court incorrectly interpreted *Mills* because the samples taken by the police officer also constituted "tests" for purposes of the statute and could not be separated from the tests taken by the probation officer. Black again argued that I.C. § 18-8004(2) does not make a distinction based on time between samples collected, such that *Mills* would be inapplicable. The district court agreed with the magistrate court in finding the factual circumstances of this case distinguishable from *Mills*. The district court determined:

> The first two breath samples Black provided to [the probation officer] (the first BAC test), were valid, admissible, and obtained much closer in time to when Black drove to [the probation officer's] office than those obtained by [the officer]. As such, the Magistrate found that the test administered by [the probation officer] provided a more accurate indication of Black's blood alcohol content at the time she drove to [the probation office] . . . than the test administered by [the officer] obtained 35-40 minutes later. In sum, when considering the *Mills* holding and the facts of this case, this Court agrees with the Magistrate's reasoning.

We agree that neither I.C. § 18-8004(2) nor *Mills* compel a holding that a test in the second set of samples below the legal limit affects the ability to prosecute under the first set of samples. The probation officer sampling was distinct in time from the later police officer sampling. A second set of tests, distinct in time from the first, does not negate the validity of the first set of samples. Black stipulated that the probation officer is a certified breath-testing specialist and the testing done by the probation officer was valid. Because the samples taken by the probation officer were both valid and admissible, the jury was properly allowed to consider the probation officer's test results when determining whether Black was guilty of driving under the influence.

Black has failed to demonstrate error by the magistrate court, or the district court on intermediate appeal, in distinguishing *Mills*. Idaho Code § 18-8004(2) was not intended to preclude prosecution of an individual where testing conducted at a later time showed a lower BAC than a previous, valid sample. Thus, there was no error in the denial of Black's motion in limine and motion to dismiss.

4

**IV.**

**CONCLUSION**

The district court's decision, on intermediate appeal, affirming the magistrate court's judgment of conviction and the denial of Black's motion in limine and motion to dismiss, is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.